## Peouch v. Dougherty

*S. U. Colbassani,* for plaintiff.

*Jenkins & Ligi,* for defendant.

HOBAN, J., October 31, 1947.—Rule to strike off judgment entered by transcript from the docket of Alderman Auslander, 18th ward, Scranton.

The action was trespass vi et armis for damages to plaintiff's automobile, and was brought against defendant, a nonresident of this county, under the provisions of section 1208 of The Vehicle Code of May 1, 1929, P. L. 905, 75 PS §738, which authorizes such actions in the county where the damages were sustained "if the plaintiff has had said damage repaired, and shall produce a receipted bill for the same, properly sworn to by the said party making such repairs or his agent".

The transcript says that defendant by running into plaintiff's vehicle "did then and there diminish the value of the said motor vehicle to the extent of $65, this being the costs of repairs made necessary by the said damages." There is neither averment that the damages had been repaired, nor that a sworn receipted bill had been produced.

The defect is jurisdictional, is apparent on the face of the record and is fatal. See cases collected in annotations to 77 PS §738, note 7, including several cases from this county. If a judgment is void on its face, a motion to strike it from the record is the appropriate remedy.

Although not raised by the motion to strike, the service of process by a constable in another county deputized by the local constable to whom the writ was directed may not be valid in cases brought against nonresident defendants under this section of The Vehicle Code. See Barringer v. Case, 38 D. & C. 439 (1940), in which President Judge Knight of Montgomery County held that constables lacked authority to deputize constables in other counties to serve writs of summons in actions of trespass.

Now, October 31, 1947, the judgment in the above captioned case is ordered to be stricken off.